IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-0037-WJM-STV

RICHARD ROONEY,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, AN ILLINOIS CORPORATION,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION *IN LIMINE***

---

Before the Court is Defendant State Farm Fire and Casualty Company's Motion *In Limine* ("Defendant's MIL") (ECF No. 63) and Plaintiff Richard Rooney's response (ECF No. 65).

For the following reasons, Defendant's MIL is granted in part and denied in part.

### I. LEGAL STANDARDS

"The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ." *Robinson v. Mo. Pac. R.R.*, 16 F.3d 1083, 1086 (10th Cir. 1994); *see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is

generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

The movant "has the burden of demonstrating that the evidence is inadmissible on any relevant ground," and a court "may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded." *Pinon Sun Condo. Ass'n v. Atain Specialty Ins. Co.*, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020) (quoting *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d, 1078, 1082 (D. Kan. 2000)).

## II. ANALYSIS

**A.    Reference to the Policy Limits, Previously Received Payouts, and Prior Settlements or Settlement Offers**

Defendant argues that because Plaintiff has filed a claim for determination of underinsured motorist benefits ("UIM") and not for breach of contract or other extra-contractual claims, he should be precluded from referencing the limits or dollar amounts of the applicable insurance policy or the amounts that Plaintiff has previously received from either the tortfeasor or Defendant.[1]  (ECF No. 63 at 2.)  Rather, Defendant argues that the only amount to be tried is the amount of damages caused by the at-fault driver, and the insurance policy, amount of Plaintiff's policy limits, and previous payments are irrelevant to that determination and unfairly prejudicial.  (*Id.*)  Therefore, Defendant asserts that any reference to insurance and amounts previously paid are irrelevant and

---

[1] Plaintiff alleges that tortfeasor Erika Johnson's liability insurer agreed to pay Plaintiff the full $100,000 limit of Johnson's liability coverage.  (ECF No. 4 ¶ 9.)  Further, he alleges that to date, he has received $100,000 in UIM payments from Defendant.  (*Id.* ¶ 12.)

2

should be excluded under Federal Rules of Evidence 401, 402, and 403.  (*Id.*) Defendant also argues that references to any amount of underlying settlement or offers of settlement are not admissible and should be excluded from trial.  (*Id.* at 5.)

According to Defendant, to the extent evidence of Plaintiff's insurance coverage may have any relevance to the facts, its probative value is substantially outweighed by the danger of unfair prejudice, and the danger that the insurance coverage evidence may confuse and mislead the jury as to the relevant issues regarding Plaintiff's claimed damages.  (*Id.* at 5.)  Defendant cites no case law in support of its argument.

Plaintiff responds that evidence of the value of his UIM benefits is relevant.  (ECF No. 65 at 4–5.)  He asserts that he must prove his damages up to the amount of the contract, as he is seeking $900,000 from Defendant and they only paid him $100,000.  (*Id.* at 5.)  Plaintiff cites no case law in support of his argument.

Upon due consideration, the Court grants in part and denies in part this portion of Defendant's MIL.  The Court finds that the evidence of UIM benefit coverage is relevant and not unduly prejudicial to Defendant under Rule 403 and therefore denies this portion of the motion.  However, the Court agrees that evidence of settlement offers or previous settlements, as well as the value of any previous insurance payments Plaintiff has received from the tortfeasor and Defendant, are either inadmissible or not relevant to the determination of what Plaintiff is allegedly still owed by Defendant, and are therefore excluded from trial.  Fed. R. Evid. 408.  In the event of a verdict for Plaintiff, the Court will entertain an appropriate post-trial motion from Defendant to offset any damages awarded by the jury by the amount of the payments Defendant has already made to Plaintiff.

**B.      Reference to Defendant as "Interested Party"**

Defendant posits that the jury may react to its perceived "deep pockets," rather than evaluate the facts surrounding the incident and Plaintiff's claimed damages. (ECF No. 63 at 5.)  Thus, Defendant asks that the Court enter an order that Defendant be referred to as an "interested party" during trial. (*Id.*)

Plaintiff does not address this portion of Defendant's MIL in his response. (*See* ECF No. 65.)  Nevertheless, the Court denies Defendant's request.  Defendant State Farm seeks the Court's approval for it to run from the status it has it this case—that of party defendant.  This the Court will not do.  State Farm is the *Defendant* in this case, nothing more and certainly nothing less.  Its effort to hide that reality from the jury is as absurd as it is disingenuous.  By making this argument Defense counsel's reservoir of credibility with this Court has been significantly tarnished.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS that Defendant's MIL (ECF No. 63) is GRANTED IN PART AND DENIED IN PART as set forth above.

Dated this 25th day of April, 2023.

BY THE COURT:

William J. Martínez
Senior United States District Judge

4